OPINION
On September 1, 2000, Ohio State Highway Patrol Officer Roy Beach stopped a vehicle being operated by Ron Keller. Mr. Keller's girlfriend, appellant, Brenda Brooks, was a front seat passenger in the vehicle.
Upon investigation, Trooper Beach cited Mr. Keller for operating a motor vehicle while under the influence of alcohol. Upon further investigation, Trooper Beach cited appellant for a seat belt violation, and possession of drug paraphernalia in violation of R.C. 2925.14(C) and open container in a motor vehicle in violation of R.C. 4301.62(B)(4).
On December 8, 2000, appellant filed a motion to suppress, claiming she had not been read her rights prior to the time Trooper Beach had questioned her. A hearing was held on December 14, 2000. By judgment entry filed January 5, 2001, the trial court denied said motion.
On March 16, 2001, appellant pled no contest to the charge of possession of drug paraphernalia. The remaining charges were nollied. By judgment entry filed March 18, 2001, the trial court found appellant guilty and sentenced her to thirty days in jail.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN OVERRULING THE APPELLANT'S MOTION TO SUPPRESS AND IN FINDING THAT SHE WAS NOT IN CUSTODY.
 II AN INTERVIEW IN A POLICE VEHICLE IS INHERENTLY COERCIVE AND THE READING OF THE RIGHTS REQUIRED ACCORDING TO MIRANDA V. ARIZONA ARE REQUIRED WHEN THE APPELLANT WAS INTERVIEWED IN A POLICE CAR AND NOT FREE TO LEAVE.
 I, II
Appellant claims the trial court erred in overruling her motion to suppress. Specifically, appellant claims her questioning by Trooper Beach was inherently coercive and required that her Miranda rights be given. We agree in part.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19;State v. Klein (1991), 73 Ohio App.3d 485; State v. Guysinger (1993),86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v.Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993),85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held inOrnelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
In its judgment entry filed January 5, 2001, the trial court found the following facts:
 While both [appellant and Mr. Keller] were in the cruiser, a question was asked of both of them whether or not there was anything in the vehicle that the officer should know about the Defendant responded that there was a pipe, the nature of which makes it drug paraphernalia.
 At the time of this question the Defendant had not been arrested, was not placed in handcuffs and had not been restrained in the vehicle in anyway. The driver of the vehicle who was in custody was present. The officer represented that he could not have done anything had the Defendant decided to get out of the cruiser.
 Thereafter, the officer conducted an inventory of the vehicle preparatory to towing. At that time he found the pipe and an open container of alcohol. Upon returning to the patrol car the officer asked a general question concerning the ownership of the pipe and alcohol of both the driver and the Defendant the defendant replied that each belonged to her.
The trial court concluded the questions posed by Trooper Beach were not accusatory and the information obtained was not the result of a custodial interrogation.The issue of custodial interrogation involves a scrutiny of the particular facts of the case and a determination of "how a reasonable man in the suspect's position would have understood the situation."Berkemer v. McCarty (1984), 468 U.S. 420, 422.
Appellant was a front seat passenger in a stopped vehicle. T. at 5. Trooper Beach had stopped the vehicle to investigate a possible DUI violation. T. at 5. Appellant remained in the vehicle until Trooper Beach brought her back to the front seat of his patrol car to administer the Horizontal Gaze Nystagmus test to see if she could drive the vehicle. T. at 7. Trooper Beach opined "I didn't feel safe to let her drive the vehicle." T. at 7. Trooper Beach determined the vehicle would have to be towed because it was partially on the roadway and he could not secure it. T. at 8. At this time, Trooper Beach had decided to charge appellant with a seat belt violation, a non-arrestable offense, and give her a ride to the police station so she could call someone to pick them up. T. at 8, 10. Prior to conducting his administrative inventory on the vehicle, Trooper Beach asked "is there anything up in the vehicle that I should know about before I go up there." T. at 9. Trooper Beach asked this question in general as appellant was seated in the front seat and Mr. Keller, who had been arrested, was seated in the back seat or "cage." T. at 6, 7, 9. Appellant spoke up and "said there is a marijuana pipe in the console." T. at 9.
We concur with the trial court's analysis that at that point in time, appellant was not in custody. She was seated in the front seat of the patrol car and not handcuffed, and Trooper Beach testified he "couldn't have done anything" if she had decided to leave. T. at 17. Further, given the facts, the vehicle was subject to the inventory search because it was going to be towed. Whatever appellant said about the marijuana pipe was of no consequence because it presumably would have been recovered. T. at 17-18. The inevitable-discovery rule allows the admission of illegally obtained evidence where "it is established that the evidence would have been ultimately or inevitably discovered during the course of a lawful investigation." State v. Perkins (1985), 18 Ohio St.3d 193, syllabus, following the rule set forth in Nix v. Williams (1984), 467 U.S. 431.
We find the statement regarding the marijuana pipe was neither custodial nor coercive.
When Trooper Beach conducted the inventory search, he discovered "a marijuana pipe in the console, some miscellaneous clothing, other items in the vehicle. I also found three open Miller Lite cans underneath the passenger seat." T. at 11. When Trooper Beach returned to his patrol car, he asked "in general whose, whose pipe was it and who had the open containers in the vehicle, who was drinking in the vehicle." T. at 11. Once again, appellant spoke up and said "I was drinking in the vehicle, those are my cans, and the pipe is mine." T. at 11.
We find the facts to establish that after the inventory search, appellant was "in custody." Prior to the inventory search, Trooper Beach told appellant to "sit tight, this will take a few minutes, and then I'll take you both up to the police station." T. at 25. Apparently, another vehicle had pulled up containing Mr. Keller's father so presumably, there was a ride available to appellant and yet she was told to remain in the patrol car. T. at 19. After Trooper Beach recovered the marijuana pipe, appellant was the target of the ownership question given her previous statement regarding the pipe's location.
Based upon these enumerated facts, we find the trial court erred in not suppressing appellant's statement regarding her ownership of the marijuana pipe.
Assignments of Error I and II are granted in part.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Ashland County, Ohio is reversed.
Hon. William B. Hoffman, P.J. Hon. Sheila G. Farmer, J. Hon. John F. Boggins, J. concur.